**Appeal Nos. 2023-1173, 2023-1179, 2023-1180, 2023-1191**

————————

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

————————

Koss Corporation,
*Appellant,*

v.

Bose Corporation,
*Cross-Appellant.*

————————

*On Appeal from the United States Patent and Trademark Office,*
*Patent Trial and Appeal Board in Nos. IPR2021−00680 and IPR2021-00612*

————————

**APPELLANT KOSS CORPORATION'S**
**RESPONSE TO CROSS-APPELLANT BOSE CORPORATION'S MOTION**
**TO DISMISS**

————————

Mark G. Knedeisen
Christopher M. Verdini
Michelle Weaver
Ragae Ghabrial
Brian P. Bozzo
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
(412) 355-6500

*Counsel for Appellant Koss*
*Corporation*

# **TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................1

II.  LEGAL STANDARDS ......................................................2

III. ARGUMENT................................................................4

   A.   There is No Final Judgment Regarding the '025 and '934 Patent ...............4

   B.   Bose's Case Law Is Inapposite.....................................8

   C.   Bose's Logic Would Lead To A Chilling Effect On Settlement ...............12

IV.  CONCLUSION ............................................................13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Angel v. Bullington*,
    330 U.S. 183 (1947)...........................................................................11

*Apple Inc. v. Universal Secure Registry LLC*,
    857 F. App'x 658 (Fed. Cir. 2021) ..................................................10

*Apple Inc. v. Voip-Pal.com, Inc.*,
    976 F.3d 1316 (Fed. Cir. 2020) ............................................9, 10, 11

*Blonder-Tongue Laboratories, Inc. v. University of Illinois
    Foundation*,
    402 U.S. 313 (1971).........................................................................8, 9

*Canyon Pres. Council v. U.S. Forest Serv.*,
    403 F.3d 683 (9th Cir. 2005) ...............................................................6

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
    508 U.S. 83 (1993)................................................................................2

*Ctr. For Biological Diversity v. Exp.-Imp. Bank of the United States*,
    894 F.3d 1005 (9th Cir. 2018) .............................................................2

*Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*,
    375 F.3d 861 (9th Cir. 2004) ...............................................................5

*Falck N. Cal. Corp. v. Scott Griffith Collaborative Sols., LLC*,
    25 F.4th 763 (9th Cir. 2022) ............................................................4, 8

*First Resort, Inc. v. Herrera*,
    860 F.3d 1263 (9th Cir. 2017) .............................................................6

*Hartley v. Mentor Corp.*,
    869 F.2d 1469 (Fed. Cir. 1989) .........................................................13

*Jung v. K. & D. Min. Co.*,
    356 U.S. 336–37 (1958)........................................................................4

*Luben Indus., Inc. v. United States*,
  707 F.2d 1037 (9th Cir. 1983) .......................................................................3, 5

*In re Pintlar Corp.*,
  124 F.3d 1310 (9th Cir. 1997) .............................................................................3

*PlanetID, LLC v. Digify, Inc.*,
  No. 19-cv-04615-JST, 2021 WL 567371 (N.D. Cal. Jan. 12, 2021)...................6

*Ramirez v. Cnty. of San Bernardino*,
  806 F.3d 1002 (9th Cir. 2015) .........................................................................4, 5

*Soverain Software v. Victoria's Secret Brand*,
  778 F.3d 1311 (Fed. Cir. 2015) ...........................................................................3

*Thinket Ink Info. Res. v. Sun Microsystems, Inc.*,
  368 F.3d 1053 .......................................................................................................6

*United States v. Arpaio*,
  951 F.3d 1001 (9th Cir. 2020) .............................................................................3

*United States v. Munsingwear, Inc.*,
  340 U.S. 36 (1950)...............................................................................................11

*Visa Inc., v. Universal Secure Registry, LLC*,
  857 F. App'x 1029 (Fed. Cir. 2021) ..........................................................10, 11

*Weston Fam. P'ship LLLP v. Twitter, Inc.*,
  29 F.4th 611 (9th Cir. 2022) .........................................................................3, 11

*Williams v. Boeing Co.*,
  681 F.2d 615 (1982)..............................................................................................8

*WMX Techs., Inc. v. Miller*,
  104 F.3d 1133 (9th Cir. 1997) ....................................................................7, 8, 11

*XY, LLC v. Trans Ova Genetics*,
  890 F.3d 1282 (Fed. Cir. 2018) .........................................................................10

**Statutes**

28 U.S.C. § 1291 ..................................................................................................12

35 U.S.C. § 101 ..........................................................................................*passim*

**Other Authorities**

RESTATEMENT (SECOND) OF JUDGMENTS § 13 cmt. ....................................................3

## I.    INTRODUCTION

Cross-Appellant Bose Corporation ("Bose") has moved to dismiss Appellant Koss Corporation's ("Koss") present consolidated appeals (the "Motion") as moot, arguing that "the claims at issue in this appeal have been finally adjudicated invalid … and can no longer be asserted against Bose."  Dkt. No. 35 ("Bose Mot.") at 1.  In doing so, Bose's arguments, and its cited law, make clear why the Motion must be denied.

Bose's Motion is fatally flawed.  Bose premises its entire Motion on an unsupportable and legally erroneous application of the facts relevant to this appeal. Specifically, Bose incorrectly asserts that the district court in *Koss Corp. v. Plantronics, Inc.*, 4:21-cv-03854-JST (N.D. Cal.) ("*Plantronics*") rendered a final judgment that claims 29-31, 34, 36, 40-43, 46, 48, 51 and 53 of U.S. Patent No. 10,206,025 ("the '025 patent") and claims 56 and 57 of U.S. Patent No. 10,469,934 ("the '934 patent") are invalid and effectively "eliminate[d] this Court's ability to grant any effectual relief" to Koss.  Bose Mot. 1.  This is not true.  Although the district court in *Plantronics* granted Plantronics' motion to dismiss Koss' first amended complaint as pled, it also granted Koss ***leave to file a second amended complaint***.  In compliance with the court's order, Koss timely filed a second amended complaint ("Amended Complaint") that not only included new factual allegations not pled in the first amended complaint and, therefore, not addressed by

the district court in its initial order, but also did not include allegations of infringement of the '025 or '934 patent. Pursuant to black letter law, once Koss filed its Amended Complaint, Koss' original complaint (and the allegations therein) became a legal nullity and removed any possibility for the district court to render a "final judgment" regarding the '025 and '934 patent. Accordingly, no appealable order exists in the *Plantronics* case.

As set forth more fully below, Bose presents the Court with an inaccurate recitation of the facts of the *Plantronics* case and relies upon wholly inapposite case law to support its Motion. Because the district court in *Plantronics* never issued a final judgment that any of the '025 or '934 claims asserted in this consolidated appeal are invalid and could not do so in view of Koss filing its Amended Complaint, this Court should deny Bose's Motion which requests the Court to rule upon a dispute that does not exist.

## II.  LEGAL STANDARDS

In an appeal, the "[d]efendants bear a 'heavy burden' to establish mootness." *Ctr. For Biological Diversity v. Exp.-Imp. Bank of the United States*, 894 F.3d 1005, 1011 (9th Cir. 2018). The party asserting mootness "bears the burden of coming forward with the subsequent events that have produced that alleged result." *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993). A case should not be dismissed as moot unless "interim events have 'completely and irrevocably

2

eradicated the effects of' an allegedly improper ruling." *See In re Pintlar Corp.*, 124 F.3d 1310, 1312 (9th Cir. 1997) (quoting *Wong v. Dept. of State*, 789 F.2d 1380, 1384 (9th Cir.1986)).  Bose has failed to carry its heavy burden of establishing the *Plantronics'* court issued a final judgment that renders Koss' appeal moot.

"A 'final judgment' for purposes of collateral estoppel can be any prior adjudication of an issue in another action that is determined to be 'sufficiently firm' to be accorded conclusive effect." *Luben Indus., Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir. 1983).  Further, "a judgment will ordinarily be considered final in respect to a claim . . . if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court." *United States v. Arpaio*, 951 F.3d 1001, 1007 (9th Cir. 2020); RESTATEMENT (SECOND) OF JUDGMENTS § 13 cmt. b (AM. L. INST. 1982).  Importantly, "the availability of appellate review is a key factor in determining the preclusive effect of a judgment." *Arpaio*, 951 F.3d at 1007.

The law of the regional circuit is applied to determine whether issue preclusion applies.  *Soverain Software v. Victoria's Secret Brand*, 778 F.3d 1311, 1314 (Fed. Cir. 2015).  Because the *Plantronics* case was venued in the District Court for the Northern District of California, Ninth Circuit law applies to Bose's Motion.  Pursuant to Ninth Circuit law, "orders dismissing claims with leave to amend are considered not final and thus not appealable as of right." *Weston Fam.*

*P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 618 (9th Cir. 2022).  Additionally, "it is well-established in [the Ninth Circuit] that an 'amended complaint supersedes the original complaint and renders [the original complaint] without legal effect . . . ."  *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)).  As the Ninth Circuit has plainly instructed, when an amended complaint is filed, the original complaint "cease[s] to exist" and becomes a legal nullity.  *Id.*  Here, Bose repeatedly makes the conclusory allegation that "the district court's decision holding all claims of the '934 and '025 patents invalid under 35 U.S.C. § 101 is plainly final . . . ."  Bose Mot. 3.  Bose simply is wrong as a matter of law.

## III.    ARGUMENT

### A.    There is No Final Judgment Regarding the '025 and '934 Patent

The district court's order granting Plantronics' motion to dismiss, with leave for Koss to file an amended complaint, "did not constitute a final judgment." *Jung v. K. & D. Min. Co.*, 356 U.S. 336–37 (1958).  Indeed, when Koss filed its Amended Complaint, that Amended Complaint superseded the prior operative complaint, and that complaint "no longer perform[ed] *any* function in the case." *Falck N. Cal. Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 765 (9th Cir. 2022) (citing 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1476 & n.1 (3d ed. 2005)) (emphasis added).  Thus, the district court's decision to grant Koss leave

to file an amended complaint rendered the Court's motion to dismiss decision a legal nullity once Koss filed its Amended Complaint. *See, e.g.*, *Ramirez*, 806 F.3d at 1008 ("Because Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it.").

Ignoring the legal nullity of the district court's motion to dismiss decision, Bose makes two fundamental legal errors in arguing Koss' appeal is moot. First, Bose errs when it asserts that the decision was a final judgment that Koss could have appealed. Bose Mot. 6. On the contrary, "the district court's decision to enter an order permitting the plaintiff to file an amended complaint after entering the order of dismissal demonstrated that the first dismissal was not intended to be a final and appealable order." *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861 (9th Cir. 2004). Second, Bose then doubles down on its first error by arguing that the district court's non-final ruling on the validity of the '025 and '934 patents has preclusive effect. The district court's order granting Plantronics' motion to dismiss with leave for Koss to file an amendment was a non-final and non-appealable order, and therefore was not "sufficiently firm" to be accorded conclusive effect. *See Luben Indus. Inc.*, 707 F.2d at 1040 (affirming district court's decision that an interlocutory opinion "was not sufficiently firm to give it collateral estoppel effect" because "it could not have been the subject of an appeal at the time the instant case

5

was decided"). Moreover, because Koss did not assert infringement of the '025 and '934 patent claims asserted in this appeal in the Amended Complaint, the district court's non-final motion to dismiss ruling as to the '025 and '934 patents has no preclusive effect. *See Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 690 (9th Cir. 2005) ("It is axiomatic that prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to final judgment."); *see also First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017) (concluding that claim was "effectively abandon[ed]" when court dismissed the claim with leave to amend, but claim was not re-plead in amended complaint).

Because the district court granted Plantronics' motion to dismiss with leave for Koss to replead, the order cannot be viewed as anything other than the court's analysis of perceived deficiencies in the complaint itself. *See Thinket Ink Info. Res. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 ("Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment."). Indeed, by permitting Koss to file an amended complaint, the district court recognized that Koss could allege facts that would change the outcome of the prior motion to dismiss. Otherwise, the district court, as it has done in other cases, would have deemed an amendment futile and ordered the dismissal to be with prejudice. *See, e.g.*, *PlanetID, LLC v. Digify, Inc.*, No. 19-cv-04615-JST, 2021 WL 567371 (N.D. Cal. Jan. 12, 2021) ("[Judge Tigar] grants [Defendant's] motion to

6

dismiss with prejudice on the ground that the asserted claims are ineligible under 35 U.S.C. § 101.").

The district court's signaling that a case could proceed confirms that the order with leave to replead is not, and could not be, a final judgment. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136–37 (9th Cir. 1997) ("[W]hen a district court expressly grants leave to amend, it is plain that the order is not final . . . [and] [a] final judgment must be obtained before the case becomes appealable."). No final judgement was obtained because Koss repled, nullifying the initial complaint.

When the Plantronics case was ultimately dismissed, the original complaint was a legal nullity, and the then-operative complaint (the Amended Complaint) had not had any findings regarding the sufficiency of the pleadings set forth in the amended complaint. The fact that the claims identified in the notice pleading that is the Amended Complaint may have been different than the claims identified in the notice pleading that was the original complaint has no bearing on Bose's theories. Notably, no decision has been made as to the then-operative complaint, no final judgment had been entered, and there was no appealable order (or for that matter, any order that Koss could have even sought to certify for interlocutory appeal) when the case was dismissed.

Implicitly conceding that the district court's motion to dismiss ruling cannot constitute a final judgment, Bose throws a final Hail Mary by claiming it was an

interlocutory ruling that "merged" into a final judgment when the parties' filed their stipulated dismissal. Bose Mot. 5–6. An interlocutory order is an "order[] which may be appealed either at the time of entry or after the final judgment." *Williams v. Boeing Co.*, 681 F.2d 615, 616 (1982). Contrastingly, "when a district court expressly grants leave to amend, it *is* plain that the order is not final. Something more is both anticipated and required. . . . A final judgment must be obtained before the case becomes appealable." *WMX Techs., Inc.*, 104 F.3d at 1137. Under Ninth circuit law, an order granting a motion to dismiss with leave to amend becomes a "legal nullity" upon the subsequent filing of an amended complaint and is not subject to interlocutory appeal. *See Falck N. Cal. Corp.*, 25 F.4th 763, 765–66 (dismissing as moot an interlocutory appeal challenging the denial of motion to dismiss plaintiff's complaint with leave to amend followed by plaintiff filing amended complaint). As established above, once Koss filed its Amended Complaint, the ruling was a legal nullity. Thus, there was no interlocutory order to be "merged" into any purported final judgment. As a result, Bose's Motion should be denied.

## B.    Bose's Case Law Is Inapposite

Because Bose wrongly argues that the district court's motion to dismiss order was a final judgment, none of the cases it relies upon support its Motion.

In *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971), the district court declared the patent at issue invalid after a full

bench trial. On appeal, the Court of Appeals for the Eighth Circuit affirmed. Subsequently, the patent owner asserted the same patent but in a different district court and against a different alleged infringer. In that case, the district court found the patent to be valid and infringed. The Court of Appeals for the Seventh Circuit affirmed, and the Supreme Court of the United States granted certiorari. The Supreme Court held that a patentee is estopped from asserting a patent that has been declared invalid in a prior suit, unless the patentee demonstrates "that he did not have 'a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time.'" *Id.* at 333 (quoting *Eisel v. Columbia Packing Co.*, 181 F. Supp. 298, 301 (D. Mass. 1960)). Koss does not dispute that this is an accurate statement of the law. However, unlike in *Blonder-Tongue*, the '025 and '934 patents have not "been much litigated since [they were] granted," and not a single district court has rendered a final judgment regarding the validity, under 35 U.S.C. § 101, of the '025 and '934 patent claims asserted in this appeal.

In *Apple Inc. v. Voip-Pal.com, Inc.*, 976 F.3d 1316 (Fed. Cir. 2020), an IPR appeal was pending on claims that the district court found invalid on a final judgment that this Court affirmed. While the Court dismissed the appeal as moot to the extent that the appeal had "overlapping claims" with the affirmed judgment of invalidity, the Federal Circuit held that the appeals were not moot as to the "nonoverlapping claims" because they were not part of the district court's ineligibility determination.

Accordingly, the Court's decision in *Apple Inc.* demonstrates that Bose's Motion should be denied and that this appeal is ***not moot*** because the asserted claims of the '025 and '934 patents do not "overlap" with any prior district court's final judgment of invalidity, let alone one upheld by this Court.

In *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282 (Fed. Cir. 2018), the patent owner was collaterally estopped from asserting the patent in future proceedings because the PTAB issued a final written decision that the asserted claims were unpatentable, and this Court affirmed. The decision in *XY, LLC* is inapplicable here because there has been no PTAB final written decision that the '025 or '934 patent claims asserted in this appeal are invalid, much less a final decision that is affirmed by this Court. *See XY, LLC*, 890 F.3d at 1294 (Fed. Cir. 2018) ("In a separate order issued today, we affirm the Board's decision. **That affirmance renders final a judgment on the invalidity of the [patent]**.") (emphasis added).

Furthermore, in *Visa Inc., v. Universal Secure Registry, LLC*, 857 F. App'x 1029 (Fed. Cir. 2021), this Court vacated the PTAB's final written decision that the petitioner failed to show that the challenged claims were unpatentable because this Court, in a previous case, affirmed a district court's judgment that all claims of the challenged patent were invalid. Similarly, in *Apple Inc. v. Universal Secure Registry LLC*, 857 F. App'x 658 (Fed. Cir. 2021), this Court dismissed an IPR appeal with respect to overlapping claims that had been held invalid by a district court and

affirmed by this Court. In contrast to the final judgments in *Visa, Inc.* and *Apple, Inc.*, the Federal Circuit has never affirmed any district court's final judgment that all claims of the '025 and '934 patents are invalid under § 101 because there has never been a final judgment to that effect and no judgment has ever reached this Court.

*United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950) and *Angel v. Bullington*, 330 U.S. 183 (1947), are similarly immaterial as they both dealt with the consequences of a party's failure to appeal a final judgment. *See Munsingwear*, 340 U.S. at 40 (applying res judicata to a final judgment where party could have filed a motion to vacate the judgment but "did not avail itself of the remedy it had to preserve its rights."); *Angel*, 330 U.S. at 186 (applying res judicata to a final judgement from the North Carolina Supreme Court where party rather than appealing to the Supreme Court of the United States, filed a "carbon copy of the complaint" in federal court). Unlike in *Munsingwear* and *Angel*, Koss could not appeal the district court's order granting Plantronics' motion to dismiss once Koss availed itself of the court's grant of leave to amend. *See WMX Techs. v. Miller*, 104 F.3d at 1136–37; *see also Weston Family P'ship*, 29 F.4th at 618 ("[T]ypically, orders dismissing claims with leave to amend are considered not final and thus not appealable as of right.").

11

Finally, Bose argues that this Court should vacate the PTAB's decision with respect to the claims that are the subject of Bose's cross-appeals.  Bose Mot. 8.  However, the *Plantronics'* ruling, as a non-final order, has no impact on the PTAB's decision, and therefore this Court should not vacate any underlying decision.

Because the district court in *Plantronics* never issued a final judgment that all claims of the '025 and '934 patents are invalid and no such order could be issued in view of the Amended Complaint, these consolidated appeals are not moot.  Accordingly, Bose's Motion should be denied.

### C.     Bose's Logic Would Lead To A Chilling Effect On Settlement

Rather than supporting its Motion, Bose's discussion of the burdens it believes should be placed on parties settling a dispute only serves to confirm why black letter law on final judgments requires denial of Bose's Motion.  *See* 28 U.S.C. § 1291 ("The court of appeals . . . shall have jurisdiction of appeals from all ***final decisions*** . . . .").  According to Bose, settling parties would be subject to preclusion for any decisions in a case to be settled unless the parties scoured the docket for intervening non-final rulings and either requested those rulings be vacated or appealed those non-final decisions.  Such a precedent would be incredibly wasteful, leading to additional years of time added to each settlement for the appeal process to progress (between parties that have ostensibly resolved their dispute and no longer wish to expend time or money on the dispute) before finally being able to dismiss the case.

Because such burdens would be wholly contrary to the efficient resolution of cases and disputes, Bose provides no support for its argument. Instead, Bose relies on case law that is once again inapplicable. In *Hartley v. Mentor Corp.*, 869 F.2d 1469 (Fed. Cir. 1989), the district court held that a subsequent settlement agreement did not moot a court's prior grant of summary judgment on the grounds that the patent at issue was invalid, and the Federal Circuit affirmed. This Court reasoned that "a final judgement was entered in the [prior] case, which is the basis for the estoppel." *Id.* at 1472. Unlike in *Hartley*, the district court's order granting Plantronics' motion to dismiss with leave for Koss to file an amendment was not a final judgment, and therefore has no preclusive effect.

## IV. CONCLUSION

In short, these consolidated appeals concerning the '025 and '934 patents are not moot because neither a district court, nor the PTAB has entered a final judgment regarding the validity of the '025 or '934 patent under 35 U.S.C. § 101. For at least the foregoing reasons, Bose's Motion should be denied or in the alternative, held in abeyance until the decision on the underlying appeal can be issued.

Dated: October 2, 2023              Respectfully submitted,

                                    K&L GATES LLP


                              By:    /s/ Mark G. Knedeisen
                                    _____

13

Mark G. Knedeisen
Christopher M. Verdini
Michelle Weaver
Laurén K. Shuttleworth Murray
Ragae M. Ghabrial
K&L Gates LLP
210 Sixth Ave.
Pittsburgh, PA 15222
Phone: (412) 355-6500
mark.knedeisen@klgates.com
christopher.verdini@klgates.com
michelle.weaver@klgates.com
lauren.murray@klgates.com
brian.bozzo@klgates.com

*Attorneys for Appellant Koss Corporation*

**UNITED STATES COURT OF APPEALS FOR THE
FEDERAL CIRCUIT**

**CERTIFICATE OF INTEREST**

| | |
|---:|:---|
| **Case Number** | 2023-1173, 2023-1179, 2023-1180, 2023-1191 |
| **Short Case Caption** | Koss Corp. v. Bose Corp. |
| **Filing Party/Entity** | Koss Corp. |

---

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box.** Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: Oct. 2, 2023

Signature: /s/ *Mark G. Knedeisen*

Name: Mark G. Knedeisen

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☒ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☒ None/Not Applicable |
| Koss Corp. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☒    None/Not Applicable    ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐    None/Not Applicable    ☐    Additional pages attached

| |
|---|
| *Koss Corp. v. Skullcandy, Inc.*, Nos. 2:21–cv–00203  (D. Utah) |
| *Koss Corp. v. PEAG LLC*, No. 3:21–cv–01177 (S.D. Cal.) |
| *Koss Corp. v. Bose Corp.*, No. 1:20-cv-12193 (D. Mass.) |
| *Koss Corp. v. Vidal*, Case No. 2022-2091 (Fed. Cir.) |
| *Koss Corp. v. Bose Corp.*, Case No. 2022-2090 (Fed. Cir.) |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☒    None/Not Applicable    ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 2nd day of October, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which thereby served a copy upon all counsel of record via email or electronic means.

/s/ Mark G. Knedeisen
Mark G. Knedeisen